EASTERN BERGEN COUNTY LOCAL NO. 45, RELATOR, v. THE N. J. STATE PATROLMEN'S BENEVOLENT ASSOCIATION, DEFENDANT.

Submitted October 16, 1931—Decided March 2, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the relator, *Merritt Lane.*

For the defendant, *Edward F. Merrey.*

PER CURIAM.

This is a rule to show cause, allowed by the Chief Justice, why a *mandamus,* either peremptory or alternative, should not issue commanding the New Jersey State Patrolmen's Benevolent Association to reinstate one of its locals, called Eastern Bergen County Local No. 45, to membership in the state association.

The defendant is an association formed under the act for the incorporation of associations not for pecuniary profit. The relator is not incorporated and is a voluntary association to which the state association granted a charter on August 20th, 1919.

The relation of the two associations is somewhat confusing and is not very well defined. The state association grants a charter, but apparently the local does not thereby become a member of the state association. The local becomes en-

titled to elect and send a delegate to the state association, who represents it, and such delegate becomes a member of the state association.

There are no benefits paid by the state association but benefits are paid by the local. The association is one for the organization of patrolmen, and the by-laws seem to provide that if one becomes more or less than a patrolman in his position, he ceases to be an active member and is only a passive member in the local. In such case he may not hold office and may not vote. He may attend certain meetings and speak upon questions, but this is the extent of his participation. He may receive benefits.

It appears that the state association adopted a resolution providing that no member of any local should hold membership in any other state police association, or any local patrolmen's benevolent association affiliated with a state patrolmen's benevolent association, except the Chief of Police State Association. It provided further by this resolution of October 23d, 1930, that the penalty for holding membership in any other state policemen's association will be expulsion.

Article 10 of the constitution and by-laws of the state association provides that the state president may revoke the charter of any local for non-payment of dues or assessments, or failure to comply with the state by-laws or rules and regulations of the state association. It further provides that in the event the state president takes such action, the state association must approve or state upon what terms the charter may be returned.

It appears that on June 15th, 1931, the president of the state association wrote to the local advising that the matter of the revocation of its charter would come before the state association on June 17th, 1931. No one appeared for the local association. It was thereupon determined that, inasmuch as the local association permitted members to hold membership in banned associations, its charter should be revoked, and it was accordingly declared to be revoked and its property turned over to the state association. Thereafter

a charter was issued to a faction of the relator in the territory theretofore served by relator. It is the revocation of the charter and the refusal to reinstate the local association which is the basis of this application, it being contended that the state association acted arbitrarily and beyond its power, and it illegally deprived the local of its property and rights.

Our conclusion is that sufficient is made to appear to justify the award of an alternative writ, but not a peremptory writ. The facts appear to be in dispute, and the legal right is not clear. In such circumstances the court will award an alternative writ so that an issue may be framed, the facts ascertained, and review had after judgment. *Hugg* v. *Camden,* 39 *N. J. L.* 620; *Schnitzler* v. *Transportation Co.,* 76 *Id.* 171.

An alternative writ is awarded.